Minasian v. IDS Property Casualty. Good morning, Your Honors. May it please the Court, my name is Brett Nadler and I represent the plaintiffs' appellants Nicolai Minasian and Haritudin Minasian. Respectfully, appellants test that the lower court committed reversible error when it granted the motion for summary judgment filed by the two insured defendants in this case on the ground that notice was not timely provided in the case of the scheduled jewelry that was stolen. The facts are pretty straightforward. There was six pieces of jewelry that were scheduled property under two different insurance policies. One was IDS and one was State Farm. And these items were all appraised, submitted for coverage under a personal articles policy. They were all covered pieces of jewelry and they were stolen. The plaintiffs then contacted the police immediately. Did the policies, all of the policies in this case require that you contact the insurance company at the same time that you call the police? They don't say at the same time. The policies do provide, God bless you, the policies provide that the insured are to contact the insurance companies as soon as reasonably possible after a covered loss and in the case of theft to notify the police. Which you did on the day of the burglary? On the day of the burglary, they did notify the police. The police arrived. The police in communicating with... And you didn't notify the insurance companies for another 86 or 87 days? Well, they did not directly notify the insurance companies until mid-March, but that was one day. Did they indirectly notify the insurance companies? The day after the theft, the police detective who was investigating it spoke with the State Farm representative. That wasn't because of any action on the part of your clients, it was just happenstance. Well, that is true, but we would submit that as far as giving notice to the insurance company. Is your argument that the delay is excused? The argument is twofold. The first is that the, well the core argument is that these are issues of fact that should have been submitted to a jury because they're disputed, but to directly answer your question, the first question is whether the obligation to notify the insured, the insurers, excuse me, was triggered, comes down to whether this was a covered loss or whether the jury was actually, when it was lost. And my clients had put forth evidence and explained, given an excuse as to why they believed it was not lost until the police detective had told them that the case was, as they put it, closed or was marked inactive. They were no longer actively searching for the boy. Does it make any sense that you have no duty to contact the insurance company until the police tell you, hey, it's, there's nothing we can do, and that could be months later? At that point, what is the insurance company supposed to do? Well, in this case, I would say that whether it makes sense or doesn't make sense is something that is a question of fact. Whether it was reasonable under the circumstances was not something that should have been decided as a matter of law. But to, in the appellants, what they had provided to the lower court and explained was that they did not, because the police detective had said that he had, and this was disputed, admittedly, but because they had understood the police detective to say that he had recovered jewelry using a system, a statewide computer system, and that jewelry had been recovered, my clients didn't believe that the property was lost. And part of this also goes to, this is not a matter of a fire or a car accident where it is clear that there was a fire or clear that the car was damaged. This was personal property that had very much sentimental value to my clients. And perhaps in contacting the insurance company and they didn't want to believe that it was necessarily lost until the police said, we can't find it, we're not going to find it, give up, we're giving up hope. You use the word necessarily. On this record, as I understand it, there was certainly the possibility that the watches were lost. Is that correct? Absolutely, there was a possibility. And haven't we said that with respect to what triggers a notice provision, if it would have suggested to a reasonable person that the possibility of coverage under the policy existed. Okay, and I appreciate that. Do you agree with that? Do you agree with that? I would agree that the standard is whether under the circumstances a reasonable person would alert the insured at the possibility of the loss. You just answered in answer to my earlier question that there was the record certainly suggests that there was a possibility here that the watches were lost and they were covered by the policy. The policy says, doesn't specify that it'd be a possibility. It says in the event of a covered loss, you should notify the insured as soon as reasonably possible, reasonably practical. I'm referring to our own case law in connection with construing that language. And that case law would start with the assumption that the obligation to report was triggered. So if my clients believe that they had not lost the jewelry or it was not lost in the sense of a covered loss, they did not believe that they had an obligation. What I thought at that point was that there was a possibility it could be recovered, not that it had been recovered. Right, and there- And so there was the possibility of a loss. The items were certainly not in their possession and they had not yet been recovered. I'm not sure I'm understanding your argument as to why they could delay notification at that point. I mean, the insurance company would be happy too to find out that they had been recovered if that was the end result. But they were entitled to know that there was a loss under the policy promptly. And I guess to the other point of, we even will assume that for the moment, that there was an obligation to work. And another point is that the 86 days or the number of days that were taken was not unreasonable as a matter of law. We regularly held delays of as much as three months, which is what this is, to be unreasonable. And that's if no excuse had been proffered for the reason for the delay. But here, an excuse was multiple reasons or excuses were proffered for why there was a delay. One was the belief- Any cause that supports that any of these excuses that you've proffered are good cause for delaying notice to an insurer? Yes, the Warakano case and the Mighty Midgets, I believe, is the other case where they talk about that the reasons for a delay are not, just the amount of time that passes is not the determining factor. You have to look at- None of them say thinking that the police might recover the jewelry allows for a delay. Do you have any case that says the circumstances you're citing as good cause for delay are indeed permissible? We have not found any cases that say that. The ability for police, the idea, but the idea that there's a- Your client insured these items because if there was a loss, it wanted to be able to go to the insurance company. It suffered a loss. Now, maybe the loss was not going to be permanent, but you knew in the back of your head, if it wasn't for your client, that if the loss, if there was no recovery, you had insurance. Well, the insurer says, tell us as soon as you suffered the loss. I don't understand how they could have thought they didn't have to notify. They did not believe that they suffered the loss until the police said, we will not recover your jewelry. And I understand that to many that may be, and perhaps maybe it is unreasonable. But that's a question, our belief that is a question of fact for someone to decide whether. Under the circumstances, also the other pieces, if I may just quickly touch on them, that were projected were just a sophistication of the individual's- If you want to go further, you can use your rebuttal time. Thank you, Your Honor. Good morning, Your Honors. Please, the court. I am Alfred Polidor of Bruno Giubino and Soriano, LLP. We represent defendant Apolli, IDS, Property Casualty Insurance Company. Unless the court has specific questions, I'll be very brief. The problem with the plaintiffs is that they, through the entire case, have tried to make this a subjective test in determining when the notice provision of the insurance policy is triggered. When all the case law, and as the court has already correctly recognized, the case law establishes an objective test as to when the notice provision is triggered. And it's basically, if the circumstances known to the, would suggest to a reasonable person the possibility of a claim. And the circumstances in this case were undisputed. They specifically took out two policies of insurance to provide coverage for their apartment and items of jewelry. The policies were in effect. They were aware that a loss had occurred on January 1st of 2014. They were aware that the jewelry had been stolen. So when we get into this issue about they weren't sure that it was lost. It was definitely no longer in the apartment or in their possession at that time. They notified the police, but then they did not give any notice. And they admit this until March 28th, some 86 days later. And their only reason that they've ever given is, well, they thought that the police might find it, so they didn't consider that it was a covered loss. That's not the criteria, it's not the standard. The district court applied the proper standard, and its decision should be affirmed as a matter of law. If there are no other questions, thank you. Good morning, my name is Cheryl Corman, and I represent the defendant at Pelly State Farm in connection with this matter. The legal issues that I'm going to present are identical to the ones presented by the co-defendant. There's some slight factual variables that relate to State Farm and claims made as to whether State Farm should have noticed because of something that the police may or may not have done. Is there any material difference? Absolutely not. Clearly, that's the obligation of the insured to notify the carriers of any claim that might possibly, any loss that might possibly turn into a claim, the facts here are so clear, the law here is so clear. So unless the court has any questions, I'll also rest on my brief. Thank you. Now that you do have those two minutes reserved for rebuttal. I'll be very brief. I guess first I'll say if your honors have any questions, I'll take this time to address those before I make any other arguments. Please, go ahead. I would just submit that the decision whether 86 days, under all the circumstances that were presented, were not, they were disputed as to the fact that the lower court resolved in favor of the insured. And as a non-moving party, appellants were entitled to have those, any facts construed in the light most favorable to them, inferences taken from those facts. The standard's well known, I don't need to repeat it, but that's not what occurred. Yes, there was a period of time where we could look at 86 days from the date of the theft. However, if you look at it being as one day or two days after my clients learned from the police that they weren't going to find it. Their notice was promptly given as soon as they had understood the covered loss to be there. Could they have given notice right away? Sure, this whole case would have been a lot simpler had they. For their reason, which they were putting before the lower court, they did not. They had their reasons, they gave their reasons for that. And they shouldn't be barred from recovering on property that they insured simply because they didn't make a phone call until a time that was dictated by other cases that had different sets of facts. Thank you. Take the case under advisement.